IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP BRIDWELL, #435667, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1797-K |
| | ) | |
| VALERIE HOTCHKISS, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified *pro se* civil action filed by a state inmate.

Parties: Plaintiff is presently incarcerated within the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ-CID) at the Terrell Unit in Rosharon, Texas. Defendant is Valerie Hotchkiss. The court did not issue process in this case pending preliminary screening.

Statement of Case: Plaintiff seeks to remove a state case which he filed on October 2, 2007, against Defendant Hotchkiss in the 160th District Court of Dallas County. *Bridwell v. Hotchkiss*, No. DC-07-11821 (160th Dist. Ct.). On March 27, 2008, the trial court dismissed the state case because of a non-suit and Plaintiff appealed. *Id.* The matter is pending before the Fifth District Court of Appeals at Dallas. *Bridwell v. Hotchkiss*, No. 05-08-00476-CV (Tex. App. – Dallas).

In addition to removing a state case, Plaintiff seeks to compel the production of the trial court record. He states that the Fifth District Court of Appeals denied his September 4, 2008 petition for writ of mandamus. Plaintiff also seeks appointment of counsel to assist him with this action.

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*.[1] The complaint/petition is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915A(a) and (b)(1) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's attempt to remove a state civil case that he initiated against the defendant is patently frivolous. Pursuant to 28 U.S.C. § 1446, only a defendant may remove a civil action from state court to federal court. Moreover, the case in question was dismissed several months ago and is presently pending before the Fifth District Court of Appeals on the basis of Plaintiff's

---

[1] Since Plaintiff's petition for writ of mandamus does not stem from state or federal habeas proceedings, it is subject to the Prison Litigation Reform Act (PLRA). *Cf. In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (petition for writ of mandamus that arose out of application for post-conviction relief was not subject to PLRA fee payment requirements).

notice of appeal.

Insofar as Plaintiff requests mandamus type relief against the Dallas County District Court and/or the Fifth District Court of Appeals, his claim fares no better. Federal courts lack the authority to order state courts to provide copies of trial court records. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought).

Moreover, Plaintiff is not entitled to appointed counsel to present legally frivolous claims.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint seeking mandamus type relief and to remove a state case be DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i). It is further recommended that Plaintiff's request to appoint counsel be DENIED.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 16th day of October, 2008.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.